UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KENNETH THOMPSON** | **CIVIL ACTION** |
| **VERSUS** | **NO.  06-2329** |
| **WARDEN, WINN CORRECTIONAL CENTER, ON BEHALF OF CRIMINAL DISTRICT COURT FOR ORLEANS PARISH** | **SECTION "J"(2)** |

## REPORT AND RECOMMENDATION

This matter was referred to the undersigned United States Magistrate Judge to conduct hearings, including an evidentiary hearing if necessary, and to submit proposed findings and recommendations for disposition pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases.  Upon review of the entire record, I have determined that a federal evidentiary hearing is unnecessary.  See 28 U.S.C. § 2254(e)(2).[1]  For the following reasons, I recommend that the instant petition for habeas corpus relief be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies.

---

[1] Under 28 U.S.C. § 2254(e)(2), whether to hold an evidentiary hearing is a statutorily mandated determination.  Section 2254(e)(2) authorizes the district court to hold an evidentiary hearing only when the petitioner has shown either that the claim relies on a new, retroactive rule of constitutional law that was previously unavailable, 28 U.S.C. § 2254(e)(2)(A)(i), or the claim relies on a factual basis that could not have been previously discovered by exercise of due diligence, 28 U.S.C. § 2254(e)(2)(A)(ii); and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner. 28 U.S.C. § 2254(e)(2)(B).

I.    STATE COURT PROCEDURAL BACKGROUND

The petitioner, Kenneth Thompson, is incarcerated in the Elayn Hunt Correctional Center in St. Gabriel, Louisiana.[2] Thompson and two co-defendants, Sandra Goodman and Allen Davenport, were charged by bill of information in Orleans Parish on April 25, 2003, with possession with intent to distribute crack cocaine, possession with intent to distribute heroin and possession with intent to distribute marijuana.[3]

Goodman and Davenport entered pleas of guilty on July 10, 2003, to the charges of possession of heroin, possession of crack and possession with intent to distribute marijuana.[4] The state trial court sentenced both Goodman and Davenport to five years imprisonment on each count to run concurrently.[5] The court suspended the sentences and placed each defendant on five years active probation.[6]

One month later, on October 15, 2003, Thompson also entered a plea of guilty to possession of crack cocaine, possession of heroin and possession with intent to distribute

---

[2]Rec. Doc. No. 10.

[3]St. Rec. Vol. 1 of 1, Bill of Information, 4/25/03 (incomplete copy); Alias Capias, 7/14/03; Docket Master, 9/21/06.

[4]St. Rec. Vol. 1 of 1, Plea and Sentencing Minutes (Davenport and Goodman) (3 pages), 7/10/03; Waiver of Constitutional Rights Plea of Guilty Form (Goodman), 7/9/03; Waiver of Constitutional Rights Plea of Guilty Form (Davenport), 7/9/03.

[5]St. Rec. Vol. 1of 1, Plea and Sentencing Minutes (Davenport and Goodman) (3 pages), 7/10/03; Sentence of the Court (Goodman), 7/10/03; Sentence of the Court (Davenport), 7/10/03.

[6]Id.

marijuana.[7] The state trial court sentenced Thompson to serve five years on each count to run concurrently.[8] The court suspended two years of the sentence as to the crack cocaine and marijuana charges and suspended one year of the sentence for the heroin charge.[9] Each sentence was conditioned upon Thompson's completion of the "About Face Program" at the Orleans Parish Prison.

Thompson completed this program on August 4, 2004,[10] and on November 4, 2004, the state trial court resentenced Thompson to 60 months in prison, which was suspended.[11] The court placed Thompson on 43 months active probation and released him to intensive probation beginning on November 5, 2004.

---

[7]St. Rec. Vol. 1 of 1, Minute Entry (2 pages), 10/15/03; Waiver of Constitutional Rights Plea of Guilty Form, 10/15/03.

[8]St. Rec. Vol. 1of 1, Minute Entry (2 pages), 10/15/03; Sentence of the Court, 10/15/03.

[9]Id.

[10]St. Rec. Vol. 1 of 1, Letter to Trial Court, 8/4/04; Minute Entry, 10/28/04.

[11]St. Rec. Vol. 1 of 1, Trial Court Order, 11/4/04; Sentence of the Court, 11/4/04; Probation Referral, 11/4/04; Minute Entry, 11/4/04.

On January 18, 2005, Thompson was remanded into custody after allegedly failing to comply with the terms of his probation.[12] He was released again on February 1, 2005.[13]

Thompson appeared again before the state trial court for probation infractions on May 12, 2005.[14] The state trial court sentenced Thompson to serve 30 days in the "Blue Walters Program" through the Orleans Parish Prison.[15]

Thompson was later released to intensive probation on July 8, 2005.[16] He was returned to custody on July 13, 2005, for failing to follow the orders of the court.[17]

On August 2, 2005, about four weeks before Hurricane Katrina struck New Orleans, the state trial court held Thompson in contempt and ordered him to serve 90 days in the "Francois Alternative Program" at the Orleans Parish Prison.[18] The court also

---

[12] St. Rec. Vol. 1 of 1, Trial Court Order, 1/18/05; Minute Entry, 1/18/05.

[13] St. Rec. Vol. 1 of 1, Minute Entry, 2/1/05.

[14] St. Rec. Vol. 1 of 1, Trial Court Order, 5/12/05; Minute Entry, 5/12/05.

[15] St. Rec. Vol. 1 of 1, Sentence of the Court, 5/24/05; Minute Entry, 5/24/05.

[16] St. Rec. Vol. 1 of 1, Trial Court Order, 7/7/05; Minute Entry, 7/7/05.

[17] St. Rec. Vol. 1 of 1, Trial Court Order, 7/13/05; Minute Entry, 7/13/05.

[18] St. Rec. Vol. 1 of 1, Minute Entry, 8/2/05.

held that Thompson was <u>not</u> to be released upon completion of the sentence; instead, he was to appear in court for a status hearing on November 15, 2005.[19]

After Hurricane Katrina, Thompson was transferred to a state correctional facility.[20] At the time he filed this petition, Thompson was housed in the Winn Correctional Center in Winnfield, Louisiana.[21] As a result, Thompson was not brought before the state trial court for the scheduled status conference until August 25, 2006.[22]

At that time, the state trial court revoked Thompson's probation on the recommendation of the probation officer.[23] The court made executory the original sentence imposed on October 15, 2003, with credit for time served from the date of arrest.[24]

## II. FEDERAL HABEAS PETITION

On March 6, 2006, Thompson filed a petition for federal habeas corpus relief in the United States District Court for the Western District of Louisiana. His petition was

---

[19] Id.

[20] Rec. Doc. No. 10, p. 3.

[21] Rec. Doc. No. 1, Petition, attached.

[22] St. Rec. Vol. 1 of 1, Minute Entry, 8/25/06.

[23] St. Rec. Vol. 1 of 1, Minute Entry, 8/25/06; Sentence of the Court, 8/25/06.

[24] Id.

transferred to this court on April 24, 2006.[25] In the petition, Thompson sought his release on grounds that he was held beyond the 90 days of his sentence to the "Francois Alternative Program" and beyond the November 15, 2005, date scheduled for a status hearing before the state trial court.[26]

## III. GENERAL STANDARDS OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, comprehensively revised federal habeas corpus legislation, including 28 U.S.C. § 2254. The AEDPA went into effect on April 24, 1996[27] and applies to habeas petitions filed after that date. Flanagan v. Johnson, 154 F.3d 196, 198 (5th Cir. 1998) (citing Lindh v. Murphy, 521 U.S. 320 (1997)). The AEDPA therefore applies to Thompson's petition, which, for reasons discussed below, is deemed filed in a federal court on February 14, 2006.[28]

---

[25] Rec. Doc. No. 1.

[26] Id.

[27] The AEDPA, which was signed into law on that date, does not specify an effective date for its non-capital habeas corpus amendments. Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law. United States v. Sherrod, 964 F.2d 1501, 1505 (5th Cir. 1992).

[28] The Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting pro se. Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes. Coleman v. Johnson, 184 F.3d 398, 401 (5th Cir. 1999), cert. denied, 529 U.S. 1057 (2000); Spotville v. Cain, 149 F.3d 374, 378 (5th Cir. 1998); Cooper v. Brookshire, 70 F.3d 377, 379 (5th Cir. 1995). Thompson's petition was filed

6

The threshold questions in habeas review under the amended statute are whether the petition is timely and whether the claims raised by the petitioner were adjudicated on the merits in state court; i.e., the petitioner must have exhausted state court remedies and must not be in "procedural default" on a claim. Nobles v. Johnson, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c)).

The State alleges that Thompson's has failed to exhaust state court remedies regarding the claims raised in his federal petition. The State also alleges that Thompson's petition is moot since the state court eventually revoked his probation and he is no longer entitled to release, the only relief sought. The record reflects that Thompson has not exhausted available state court proceedings and his petition must be dismissed without prejudice for that reason.

IV.   EXHAUSTION OF STATE COURT REMEDIES

"A fundamental prerequisite to federal habeas relief under § 2254 is the exhaustion of all claims in state court prior to requesting federal collateral relief." Whitehead v. Johnson, 157 F.3d 384, 387 (5th Cir. 1998) (citing Rose v. Lundy, 455 U.S. 509, 519-20 (1982)); accord Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); Nobles, 127 F.3d at 419. "A federal habeas petition should be dismissed if state remedies have not been exhausted

---

in the Western District on March 6, 2006. Thompson dated his signature on the petition on February 14, 2006. This is the earliest date on which he could have delivered the pleadings to prison officials for mailing.

as to <u>all</u> of the federal court claims." <u>Whitehead</u>, 157 F.3d at 387 (citing 28 U.S.C. § 2254(b)(1)(A); <u>Rose</u>, 455 U.S. at 519-20) (emphasis added).

"The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the <u>highest</u> state court." <u>Id.</u> (citing <u>Picard v. Connor</u>, 404 U.S. 270, 275-78 (1971)) (emphasis added). "State prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," including discretionary review when that review is part of the State's ordinary appellate review procedures. <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838, 845 (1999); <u>accord</u> <u>Duncan v. Walker</u>, 533 U.S. 167, 177-79 (2001).

"A federal court claim must be the "substantial equivalent" of one presented to the state courts if it is to satisfy the 'fairly presented' requirement." <u>Whitehead</u>, 157 F.3d at 387 (citing <u>Picard</u>, 404 U.S. at 275-78). "This requirement is not satisfied if the petitioner presents <u>new legal theories</u> or <u>new factual claims</u> in his federal application." (emphasis added) <u>Id.</u> (citing <u>Nobles</u>, 127 F.3d at 420). It is not enough for a petitioner to have raised the claims in the lower state courts if the claims were not specifically presented to the Louisiana Supreme Court. <u>Baldwin v. Reese</u>, 541 U.S. 27, 32 (2004) (a prisoner does not fairly present a claim to a state court if that court must read beyond a petition or brief, such as a lower court opinion, to find the claim).

Thus, to have exhausted his claims in state court, Thompson must fairly present the same claims and legal theories he urges in this federal court to the Louisiana Supreme Court. The State argues that Thompson has failed to seek any review in the state courts of his detention.

The state court record filed by the State does not contain any indication that Thompson sought review of his detention in the state trial court or the state appellate courts. My research reveals that Thompson has filed no pleadings in the Louisiana Supreme Court related to his 2003 conviction or any related ruling or subsequent probation proceeding.[29] Thompson offers nothing to establish that he has exhausted his state court remedies.

Therefore, Thompson has failed to exhaust available state court remedies regarding his conviction or any of his parole revocations or subsequent detention periods. See Whitehead, 157 F.3d at 387 (citing Nobles, 127 F.3d at 420). The record discloses no good cause for Thompson's failure to exhaust this claim and this court can find none in the record. Rhines v. Weber, 544 U.S. 269, 278 (2005).

---

[29] A member of the court's staff contacted the office of the Clerk of the Louisiana Supreme Court to confirm that Thompson has made no such filings.

This petition therefore must be dismissed without prejudice to allow Thompson to exhaust available state court remedies. Pliler v. Ford, 542 U.S. 225, 233 (2004) (quoting Rose v. Lundy, 455 U.S. 509, 510 (1982)); Whitehead, 157 F.3d at 387.

## RECOMMENDATION

It is therefore **RECOMMENDED** that the petition of Kenneth Thompson for issuance of a writ of habeas corpus under 28 U.S.C. § 2254 be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this __27th__ day of November, 2006.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE1

10